IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER KUDJO ALIPUI, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-15-1255 |
| ERIC HOLDER, ET AL., | : (Judge Conaboy) |
| Respondents | : |

| | |
|---|---|
| CHRISTOPHER KUDJO ALIPUI, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-16-263 |
| | : (Judge Conaboy) |
| WARDEN CRAIG LOWE, ET AL., | : |
| RespondentS | : |

FILED
SCRANTON
APR 0 7 2016
PER _____
DEPUTY CLERK

**MEMORANDUM**
**Background**

Christopher Kudjo Alipui, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) filed initially captioned pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the York County Prison, York, Pennsylvania. Alipui was granted leave to proceed in forma pauperis and service of his petition was ordered on July 2, 2015.

Named as Respondents were various federal officials and Warden Mary Sabol of the York County Prison. Petitioner, a native

of Ghana, alleged that because there is no likelihood that he will be deported in the foreseeable future, his continued indefinite detention by the ICE pending completion of his removal proceedings was unconstitutional pursuant to the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

After being transferred to the Pike County Correctional Facility, Lords Valley, Pennsylvania, Alipui filed a second § 2241 petition with this Court. His latest petition similarly contends that his ongoing detention constitutes a due process violation under Zadvydas and related decisions. For the reasons outlined below, this Court will direct that the petitions be consolidated.

## Discussion

Federal district courts only have jurisdiction in ICE cases where a detainee is seeking immediate release on bond pending removal on the grounds that his continued detention is unconstitutional. See Clarke v. Department of Homeland Security, 2009 WL 2475440 * 1 (M.D. Pa. Aug. 12, 2009)(Jones, J.).

Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

2

The allegations and facts set forth in each of the above described habeas corpus petitions are similar. As noted earlier, the arguments set forth in the respective petitions identically challenge the legality of Alipui's ongoing detention by ICE. Both actions claim that the Petitioner's continued detention violates due process under the standards announced by the United States Supreme Court in Zadvydas and as such fall within the limited jurisdiction afforded to the district courts in ICE cases.

Consequently, since the actions contain common factors of law and fact, this Court will order the consolidation of the two petitions pursuant to Rule 42(a) and will proceed with the consolidated matter under Petitioner's initially filed action, Civil Action No. 3:CV-03-1162. In addition, the Respondents will be directed to file a supplemental response addressing the developments' in Petitioner's case since the filing of their initial response.[1] An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: April 7th, 2016

---

[1] For instance attached to Petitioner's latest action is a copy of a December 1, 2015 Decision to Continue Detention. See Doc. 2, Exhibit A.

3