IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER KUDJO ALIPUI,            :
                                     :
        Petitioner                   :
                                     :
    v.                               :   CIVIL NO. 3:CV-15-1255
                                     :
ERIC HOLDER, ET AL.,                 :   (Judge Conaboy)
                                     :
        Respondents                  :

_____

## **MEMORANDUM**
### **Background**

Christopher Kudjo Alipui, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the York County Prison, York, Pennsylvania.[1] After being transferred to the Pike County Correctional Facility, Lords Valley, Pennsylvania, Alipui filed a second § 2241 petition with this Court which was subsequently consolidated into this matter.

Named as Respondents were various federal officials and Warden Mary Sabol of the York County Prison. Petitioner, a native of Ghana, alleged that because there is no likelihood that he will

---

[1] Federal district courts only have jurisdiction in ICE cases where a detainee is seeking immediate release on bond pending removal on the grounds that his continued detention is unconstitutional. See Clarke v. Department of Homeland Security, 2009 WL 2475440 * 1 (M.D. Pa. Aug. 12, 2009)(Jones, J.).

be deported in the foreseeable future, his continued indefinite detention by the ICE pending completion of his removal proceedings was unconstitutional pursuant to the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

## **Discussion**

On November 18, 2016, Respondents filed a "Suggestion of Mootness." Doc. 27, p. 1. The notice states that Petitioner was deported from the United States pursuant to a Warrant of removal/Deportation on November 1, 2016. Accordingly, Respondents contend that since the relief sought by his pending action can no longer be granted, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant

at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Alipui sought his immediate release from ICE detention under an order of supervision or an individualized bond hearing before an immigration judge.  See Doc. 1, p. 14.  A submitted copy of a Warrant of Removal issued by ICE in Petitioner's case confirms that he was removed from the United States on November 1, 2016.  See Doc. 27-1, p. 2.  Since Petitioner is no longer being detained by ICE, under the principles set forth in Steffel, Alipui's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy.  An appropriate Order will enter.


                                S/Richard P. Conaboy
                                RICHARD P. CONABOY
                                United States District Judge

DATED: DECEMBER 2, 2016

3